UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>MIGUEL ANGEL FAJARDO,<br><br>Defendant | Crim. No. 22-10149-NMG |

## GOVERNMENT'S SENTENCING MEMORANDUM

This case involves the defendant Miguel Angel Fajardo ("Fajardo")'s possession of a massive quantity of a dangerous drug, along with the tools to manufacture counterfeit oxycodone pills containing fentanyl. Although Fajardo is a first-time offender and stands to be returned to his country of origin upon his release, a significant sentence within the advisory guideline range is appropriate here given the nature of the offense and the need for deterrence. The government accordingly recommends a sentence of 90 months of incarceration.

## I.    FACTS

Fajardo unlawfully entered the United States in 2019, emigrating from the Dominican Republic. *See* Final Presentence Investigation Report ("PSR") ¶ 35. He ultimately settled in Lawrence, Massachusetts. *Id.* On March 25, 2022, law enforcement officers executed a search warrant at the defendant's apartment on Falmouth Street in Lawrence, Massachusetts. *Id.* ¶ 9. Fajardo was the sole person in the apartment when the officers arrived. *Id.* During the search of the apartment, investigators located:

- an industrial pill press with two sets of stamps (bearing imprints of "M" and "30") to be used with the pill press to combine fentanyl powder and binding agent into the shape of counterfeit oxycodone pills for the purpose of distribution;
- over 50,000 counterfeit oxycodone pills containing fentanyl;

- two bags containing powder containing fentanyl;
- a box containing 50 rounds of .40 caliber ammunition;
- approximately four kilograms of binding agent for use to manufacture additional pills by means of a pill press;
- two finger presses;
- two air purifying respirators with dual air-cartridges; and
- Fajardo's passport.

*Id.* In addition, investigators also located another large pill press and two kilogram presses in a closet located on the landing outside of the defendant's apartment. *Id.* ¶ 10. The total quantity of fentanyl recovered was 9.1 kilograms.

## II.    GUIDELINE CALCULATION

Per the plea agreement (ECF No. 20), the parties have agreed that the total offense level applicable to the instant offense is **29**, because the defendant is responsible for at least four kilograms, but less than twelve kilograms of fentanyl (base offense level of **34**), USSG § 2D1.1(a)(5) and (c)(3); the defendant should receive a **three-point** reduction for timely accepting responsibility, USSG § 3E1.1(a); and the defendant should receive a further **two-point** reduction for meeting the criteria in USSG § 5C1.2 and USSG § 2D1.1(b)(18). Fajardo has no criminal history and is therefore in Criminal History Category I. Accordingly, his advisory guideline range is 87-108 months. The U.S. Probation Office concurs with the parties' calculation of the offense level and guideline range. *See* PSR ¶ 25 (offense level calculation) & p. 13 (sentencing options).

## III.   ARGUMENT

A.    <u>The Nature and Circumstances of the Offense Warrant a Significant Period of Incarceration Consistent with the Guideline Sentencing Range</u>

The Court should impose a sentence of 90 months in this case, because of the severity of the instant offense. *See* 18 U.S.C. § 3553(a)(1). As the Court is aware, fentanyl is an inherently dangerous drug given its potency, even relative to other opioids. *See* Ruben S. Vardanyan and

Victor J. Hruby, Fentanyl-related Compounds and Derivatives: Current Status and Future Prospects for Pharmaceutical Applications, Future Med Chem. 6(4): 385–412 (Mar. 2014), *available at* https://www.ncbi.nlm.nih.gov/pmc/articles/PMC4137794/ (recognizing that fentanyl is 50-100 times more potent than morphine).  Even more dangerous than powder fentanyl, however, are counterfeit pills containing fentanyl, which appear to have the markings and indicia of pharmaceutical grade prescription drugs.  Because of how these drugs are manufactured, there are no regulatory controls over the potency of these drugs; as a result, the Drug Enforcement Administration has concluded that 60 percent of counterfeit oxycodone pills contain a potentially lethal dose of fentanyl.  *See* Public Safety Alert: DEA Laboratory Testing Reveals that 6 out of 10 Fentanyl-Laced Fake Prescription Pills Now Contain a Potentially Lethal Dose of Fentanyl, https://www.dea.gov/alert/dea-laboratory-testing-reveals-6-out-10-fentanyl-laced-fake-prescription-pills-now-contain (last visited Feb. 8, 2023) (describing 2022 laboratory results).

In this case, Fajardo was arrested with approximately 50,000 counterfeit oxycodone pills containing fentanyl *and the means to manufacture more*.  The number of possible lethal overdoses that these pills and the as-yet generated pills (in the form of powder fentanyl and binding agent) represent is staggering.  The severity of this conduct warrants a significant sentence.

      B.     <u>The Need for Deterrence Also Support the Recommended Sentence</u>

The Court also should impose a significant sentence of incarceration to "afford adequate deterrence to criminal conduct."  18 U.S.C. § 3553(a)(2)(B).  Fajardo no doubt came to the United States from the Dominican Republic in search of a better life.  But the manner and means through which Fajardo chose to do so cannot be condoned by the Court.  The Court should send a message that drug trafficking cannot be a shortcut to prosperity.  A significant sentence is therefore necessary to deter future crimes of this nature.

**IV.    CONCLUSION**

For the foregoing reasons, the government recommends a sentence of 90 months incarceration.

Respectfully submitted,

RACHAEL S. ROLLINS
United States Attorney


By:    /s/ Evan D. Panich
       EVAN D. PANICH
       Assistant United States Attorney

**<u>CERTIFICATE OF SERVICE</u>**

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants .

/s/ Evan D. Panich
EVAN D. PANICH
Assistant United States Attorney

Date: February 10, 2023